# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# WACO DIVISION

| | | |
|---|---|---|
| L.V. *BY BNF* P.V. AND A.V. | § | |
|     PLAINTIFF | § | |
| V. | § | CIVIL ACTION NO. _____ |
| | § | |
| NORMANGEE INDEPENDENT | § | |
|     SCHOOL DISTRICT, | § | |
|     DEFENDANT | § | |

_____

## PLAINTIFF'S ORIGINAL COMPLAINT

COMES NOW, Plaintiff L.V., appearing through his parents P.V. and A.V. as the *next best friend* of minor L.V., to hereby file "Plaintiff's Original Complaint" ("Complaint") and in support would show this Honorable Court the following:

### PREAMBLE

*Plaintiff is a minor who, at all times relevant, was a student with Defendant. Plaintiff L.V. suffers from certain disabilities which qualify L.V. for services under Section 504 of the laws of the United States. For no reason other than the desire of the administration of Defendant to harm L.V., L. V. was indeed punished by Defendant notwithstanding his disabilities. Left with no choice, having exhausted all administrative remedies, Plaintiff now seeks redress for damages.*

### A. NATURE OF SUIT

1. Plaintiff L.V. suffers from certain Disabilities (defined hereafter) which qualify L.V. for certain services and protections provided by Section 504 (defined hereafter). Notwithstanding L.V.'s Disabilities, the educators and administration of Defendant Normangee-ISD (defined hereafter) continually singled out L.V. for

alleged behavior problems. Refusing to provide L.V. the accommodations required by federal law and ignoring the protections granted L.V. because of L.V.'s Disabilities, Defendant Normangee Independent School District ("Normangee-ISD") expelled L.V., casting L.V. off to a school for juvenile delinquents far away from home. Prior to the Expulsion (defined hereafter), Defendant Normangee-ISD did try to shield their wrong-doing by first having an MDR (defined hereafter). The MDR was a joke and was appealed within the protocols of Defendant Normangee-ISD. The punishment of L.V. was affirmed by the hearing officer appointed by Defendant Normangee-ISD. The final decision by Defendant Normangee-ISD is hereby being appealed, as well as other claims for damages being asserted against Defendant for its actions.

2. Plaintiff L. V. now files this original action for damages and relief pursuant to a federal question being asserted under Section 504 of the Rehabilitation, Comprehensive Services, and Developmental Disabilities Act of 1978, 29 U.S.C. § 794 and 42 U.S.C. § 1983.

## B. PARTIES

3. Plaintiff L.V. is a minor residing in the State of Texas. Because of the privacy issues involved in this matter as well as L.V. being a minor, L.V. is hereby exercising L.V. rights to proceed with this matter anonymously. This action is being brought by L.V.'s parents, P.V. and A.V. as the ***next best friend.***

4. Defendant **NORMANGEE INDEPENDENT SCHOOL DISTRICT** ("Normangee-ISD") is a public school district located in the State of Texas, operates in accordance with the laws of the State of Texas, and the United States Department of Education, receives federal funds from the United States, and may be served with process herein by personally serving its superintendent as follows:

> **Normangee Independent School District**
> **Mark Ruffin, Superintendent**
> **116 Farm to Market Rd Spur 3**
> **Normangee, Texas 77871**

### C. <u>JURISDICTION and VENUE</u>

5. The original jurisdiction of this Court is in accordance with 28 U. S. C. § 1331 as involving a *federal question* proceeding arising under:

a) Section 504 of the Rehabilitation, Comprehensive Services, and Developmental Disabilities Act of 1978, 29 U.S.C. § 794 ("Section 504"); and

b) 42 U.S.C. § 1983 as to:

> Defendant Normangee-ISD's denial (under the color of law) of Plaintiff L.V.'s equal protection, procedural due process violations, and substantive due process rights granted by the Fourteenth Amendment to the U.S. Constitution; and

> Defendant Normangee-ISD's denial (under the color of law) of Plaintiff L.V.'s First Amendment rights of expression and assembly.

6. As a public school district located in the State of Texas that receives certain funding from the United State of America under Section 504, Defendant Normangee-ISD is liable for damages for violations of L.V.'s 504 rights.

7. Venue is proper in the Western District of Texas (Waco Division) because Defendant Normangee-ISD operates its schools in, and from, Leon County, Texas, which is also where the underlying events occurred. Leon County is within the Waco Division of the Western District of Texas.

### D. GENERAL BACKGROUND

8. Plaintiff L. V. is a young man who has been diagnosed with various physical disabilities ("Disabilities") which qualify L.V. for certain services and protections under Section 504.

9. Plaintiff L.V. has a heart as large as the Great Blue-Sky above him, has never been involved with drugs or alcohol, and has never threatened or denigrated anyone.

10. Plaintiff L.V. also has a great love for animals and is active in raising and showing various kinds.

11. Most unfortunately, Defendant Normangee-ISD only saw L.V. as a problem, which Defendant Normangee-ISD grew tired of dealing with.

12. For several years, including the 2019-2020 school year, L.V. was enrolled with Defendant Normangee-ISD.

13. As referenced, as a public school district located in the State of Texas that receives certain funding from the United State of America, Defendant Normangee-ISD was mandated to implement policies and procedures assuring that L.V. Disabilities were recognized and provided "Accommodations" thereto.

14. As a result, Plaintiff L.V. did have a "504 Plan" that required Defendant Normangee-ISD (a) provide certain specified Accommodations, and (b) provide any further assistance required to accommodate L.V. as to L.V.'s learning needs.

15. Notwithstanding L.V.'s 504 Plan, L.V.'s educators, with an emphasis on his school principal, Mr. Ttrae Davis ("Davis") and Superintendent Ruffin, elected to target, bully, and harass L.V.

16. Rather than electing to help L.V., L.V.'s teachers and administrators chose to view L.V. as a troublemaker and continually treated L.V. as a discipline problem.

17. In January 2020, Defendant Normangee-ISD decided it was simply time to get rid of Plaintiff L.V. Purposely misconstruing and lying about alleged actions of L.V., L.V. was suspended and recommended for "Expulsion" to the Leon County school for juvenile delinquents and drug dealers ("Alternative Jail Campus") far from L.V.'s home.

18. Because Plaintiff L.V. was covered by certain rights created by Section 504, a Manifestation Determination Review ("MDR") meeting was held to finalize L.V.'s Expulsion to the Alternative Jail Campus for the remainder of the school year.

19. Employees and representatives of Normangee-ISD assisting in the MDR and the wrongful Expulsion of L.V. were:

    a. Principal Davis;

    b. Ms. Maddox;

    c. Mr. Waldrip;

    d. Ms. Sorters;

    e. Ms. Stewart;

    f. Ms. Tesch; and,

    g. Ms. Harrison.

20. During the MDR, false statements were made by Principal Davis. Further, the other members of the MDR committee ignored all exculpatory evidence as to Lane and determined that L.V. should be Expelled to the Alternative Jail Campus for the remainder of the school year.

21. The parents of L.V. did file various appeals and grievances related to the improper MDR and the bullying, targeting, and harassment of L.V. by the Normangee-ISD staff and administrators.

22. Notwithstanding that a specific bullying grievance had been filed against Principal Davis by the parents of Plaintiff L.V., Principal Davis refused to recuse himself from the MDR.

23. Defendant Normangee-ISD unilaterally, arbitrarily, and capriciously denied the grievances filed and refused to present the grievances formally to the Board of Trustees ("Board") at a time that would include the parents of L.V. However, the Board did review and consider the grievances but selected to take no action,

24. As for the MDR and the Expulsion, a formal appeal ("Appeal") was filed by Plaintiff L.V.'s parents in accord within Defendant Normangee-ISD's 504 Protocols.

25. In accordance with the 504 Protocols, Normangee-ISD appointed Randall P. Gunter ("Mr. Gunter") an attorney in Liberty, Texas to act as an independent hearing officer to handle the Appeal. Although a hearing was then held by Mr. Gunter followed by briefing by the parties, Mr. Gunter wrongly upheld the MDR and Expulsion on September 2, 2020.

26. In addition to the damages being sought herein, this Complaint is also being filed as an appeal/review of Mr. Gunter's Decision to uphold the MDR and the Expulsion (hereafter, "Decision Upholding Sanctions").

27. The Decision Upholding Sanctions was not supported by the evidence presented, particularly the uncontroverted expert evidence offered on behalf of Plaintiff L.V.

28. In retaliation for Plaintiff L.V. filing the Appeal and the grievances, Defendant Normangee-ISD then revoked the transfer student status which Plaintiff L.V. had held for years and banned L.V. from ever attending Defendant Normangee-ISD again.

29. The physical and mental harm caused to Plaintiff L.V. as a result of the MDR and Expulsion cannot be overstated. Plaintiff L.V. became withdrawn, depressed, suicidal, and continues under the care of appropriate medical professionals.

30. Defendant Normangee-ISD's violation of Section 504, being the MDR and Expulsion, was committed intentionally and in bad faith.

31. Defendant Normangee-ISD's foregoing actions towards Plaintiff L.V. affirm Defendant Normangee-ISD's conscious disregard of the known and substantial and excessive risk to L.V.'s health, safety, and federal rights at a level that is shockingly unconscionable.

32. Defendant Normangee-ISD's administrators participating and causing injury to Plaintiff L.V., are the applicable persons delegated with implementing and

were implementing the policies and customs of Defendant Normangee-ISD when harming L.V.

33. Further, if such policies are not, in fact written, each of the administrators participating and causing the injury as to Plaintiff L.V. were implementing the policies and customs of Defendant Normangee-ISD in accord with the customs and practices of Defendant Normangee-ISD.

34. Further, the denial by the Board of Defendant Normangee-ISD of the grievances brought by Plaintiff L.V.'s parents is a direct ratification and endorsement by the Board (being the policy maker of Defendant Normangee-ISD) that the custom, practice, and policy of the Board is to allow the actions against, and discrimination of, L.V.

35. As a result of Defendant Normangee-ISD's violations of Section 504 as well as the targeting, bullying, harassment, and subsequent retaliation against Plaintiff L.V., L. V. was forced to engage an attorney and pursue this action to seek relief from the Decision Upholding Sanctions and legal damages.

36. All conditions precedent to Plaintiff L. V. bringing these claims have been met.

### E.   PLAINTIFF'S CAUSES OF ACTION

37. Plaintiff incorporates by reference the facts set forth in foregoing Article D: GENERAL BACKGROUND hereof.

## COUNT ONE:
## APPEL/REVIEW OF THE DECISION UPHOLDING SANCTIONS

38. Defendant Normangee-ISD should initially gather the 504 Record and present it to this Court. Thereafter, the Decision Upholding Sanctions should be reversed based on the 504 Record and any other evidence deemed appropriate for consideration.

39. After the reversal of the Decision Upholding Sanctions, Plaintiff L.V.'s school file should be expunged of all such records related to the MDR and Expulsion.

40. Further, the attorneys' fees incurred by Plaintiff L.V. to bring the 504 Appeal and this matter should be reimbursed by Defendant Normangee-ISD.

## COUNT TWO: VIOLATIONS OF SECTION 504

41. Defendant Normangee-ISD's treatment of Plaintiff L.V. as to the MDR, the Expulsion, and its failure to provide all the assistance L.V. needed in accord with L.V.'s 504 Plan is also a violation of L.V.'s 504 rights.

42. As a result of such violations, Plaintiff L. V. has been harmed, and will continue to suffer harm.

43. Plaintiff L. V. now seeks all actual and consequential damages available to Plaintiff as a result of such 504 violations.

44. Plaintiff L. V. should be also awarded the reasonable and necessary attorneys' fees incurred in relation to the foregoing as allowed by applicable law.

## COUNT THREE- 42 U.S.C. § 1983

45.     Section 1983 of Title 42 of the United States Code provides, in part:

> "Every person who under color of any statute, ordinance, regulation, custom, or usage, of any State…subjects, or causes to be subjected, and citizen of the United States…to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress…"=

46.     The facts set forth herein demonstrate that Plaintiff L.V. has been deprived of L.V.'s (a) substantive and procedural due process rights to redress the targeting, bullying, and harassment of L.V.'s as such rights are guaranteed by the 14th Amendment to the U.S. Constitution, (b) the equal protection rights guaranteed by the 14th Amendment to the U.S. Constitution, and (c) the right to exercise his First Amendment rights to expression, assemble, and publically seek redress for wrongs, free of fear of retaliation, such foregoing deprivations being actionable under 42 U.S.C. § 1983.

47.     Pleading further, the Board of Defendant Normangee-ISD having been notified of the specific facts and circumstances pled herein during the Plaintiff L.V.'s exhaustion of administrative remedies, has ratified and affirmed the actions of Defendant Normangee-ISD.

48.     Plaintiff L.V. has been directly and proximately harmed by Defendant Normangee-ISD's acts and omissions as pled herein, and has suffered damages for

violations of the constitutional rights, including but not limited to physical pain and mental anguish, medical expenses, and loss of opportunity in future educational and professional endeavors.

49. Plaintiff L.V., therefore, now seeks compensatory damages from Defendant Normangee-ISD pursuant to 42 U.S.C § 1983, as well as attorneys' fees.

## COUNT FOUR-NEGLIGENCE

50. Because Defendant Normangee-ISD knew of the risks facing Plaintiff L.V. and did nothing to protect L.V., resulting in L.V. being harmed, Defendant Normangee-ISD is responsible for the physical harm suffered by L.V.

51. The facts set forth herein as to Plaintiff L.V. further show that Defendant Normangee-ISD intentionally bullied, targeted, and retaliated against L.V. thereby directly creating and causing L.V. harm.

52. Further, the facts set forth herein show that acts and omissions of Defendant Normangee-ISD directed towards Plaintiff L.V. were negligent, in that Defendant Normangee-ISD failed its duty of care to meet the standards of conduct that would be exercised by a reasonable person in the same or similar circumstances.

53. As a direct and proximate result of Defendant Normangee-ISD's acts and omissions, Plaintiff L.V. has suffered injuries, including but not limited to physical pain and mental anguish, and the loss of opportunity in future educational

and professional endeavors. Plaintiff L.V., therefore, now seeks compensatory damages for such injuries.

## COUNT FIVE: PUNITIVE DAMAGES

54. Defendant Normangee-ISD's actions against Plaintiff L.V. in violation of Section 1983 were intentional and willful, or at a minimum, were committed with a lack of regard for, or with reckless indifference to, Plaintiff L.V.'s federally protected rights, thereby entitling L.V. to punitive damages pursuant to Section 1983, for which Plaintiff L.V. now seeks.

### F.    REQUEST FOR JURY

55. Plaintiff L. V. hereby exercises L.V.'s right to demand that a jury be empaneled, and, that the foregoing causes of actions and requests for relief be presented to such jury for resolution.

WHEREFORE, PREMISES CONSIDERED, Plaintiff L. V. respectfully prays that upon final trial of this matter L. V. recover a judgment against Defendant Normangee-ISD for:

- Reversal of the Decision Upholding Sanctions;
- Plaintiff's actual and consequential damages;
- Plaintiff's reasonable and necessary attorney's fees;
- Plaintiff's costs of court; and

Any and all such other relief, legal and equitable, as to which Plaintiff L. V. may be justly entitled.

Respectfully submitted,

>Gorman Law Firm, pllc
>
>*[signature]*
>_____
>Terry P. Gorman, Esq.
>Texas Bar Number 08218200
>901 Mopac Expressway South, Suite 300
>Austin, Texas 78746
>Telephone: 214.802.3477 (direct)
>Telecopier: 512.597.1455
>tgorman@school-law.co
>**COUNSEL FOR PLAINTIFF**
>**L. V. . *BY BNF* P.V. AND A.V.**